IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLE MOSELEY | : | |
| 1711 BRADMORE DRIVE | : | |
| DISTRICT HEIGHTS, MARYALND 20747 | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| NUCORE VISION | : | |
| 4601 FORBES BLVD # 310 | : | |
| LANHAM, MD 20706 | : | |
| | : | |
|     Serve: Ezra Moore, VP | : | |
|             4601 Forbes Blvd # 310 | : | |
|             Lanham, MD 20706 | : | |
| | : | |
| ARNE DUNCAN, SECRETARY | : | |
| U.S. DEPARTMENT OF EDUCATION | : | |
| 400 MARYLAND AVENUE, SW | : | |
| WASHINGTON, D.C. 20202 | : | |
| | : | |
|     Defendants. | : | |

COMPLAINT

COMES NOW, Plaintiff, Nicole Moseley, by and through her undersigned counsel and hereby sues Nucore Vision, Inc and Arne Duncan, Secretary, United States Department of Education. for violation of Title VII of the Civil Rights Act of 1964 for sexual harassment, hostile work environment and retaliation, and in support thereof, hereby states as follows:

PARTIES

1.      Plaintiff is an adult resident of the State of Maryland with her principal place of residence located in District Heights, MD.

2.      Defendant Nucore Vision is a Maryland Corporation with its principal place of business located in Lanham, Maryland.  Defendant is in the business of providing contract employees to Federal Government agencies and thus, regularly conducts business in the District of Columbia.

3.      Defendant U.S. Department of Education is a federal agency located in the District of Columbia.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

5.      Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

6.      Plaintiff was hired by Defendant, Nucore Vision as a Visitors Request Specialist working at the United States Department of Education (DOE) facility located at 30 Kennedy Street, NW, Washington, DC, beginning in February, 2010.

7.      Plaintiff's onsite supervisor, Christopher Strambler, was an employee of the Department of Education.

8.      Beginning almost immediately after Plaintiff started working at the DOE, Mr. Strambler subjected her to unwanted comments of an explicit sexual nature, including, but not limited to, asking her out on dates and making sexually suggestive comments .

9.      Defendant DOE knew that Mr. Strambler had sexually harassed other female employees prior to the time that Plaintiff was hired.

10.     In or about March, 2010, Plaintiff first complained to Defendant Nucore that Mr. Strambler was sexually harassing her.

11.     Plaintiff requested that she wanted to be placed in a different position so she would no longer be supervised by Mr. Strambler and would be free from his constant and unwanted sexual harassment.

12.     Defendant Nucore never reassigned Plaintiff to a different supervisor and allowed the harassment to continue for more than year.

13.     In or about July, 2010, Plaintiff and Defendant Nucore had a formal meeting where Plaintiff again reported her complaints of sexual harassment against Mr. Strambler.

14.     From May-August, 2010, a number of positions in the ID Office, to which Plaintiff could have been moved became available.

15.     ID Office positons paid more than Plaintiff's position as Visitors Request Specialist and a move to the ID office would have been considered a promotion.

16.     Plaintiff was qualified to be promoted to a position in the ID office.

17.     On several occasions, Mr. Strambler asked Plaintiff if she would be interested in a job in the ID office and when Plaintiff expressed interest, Mr. Strambler's inappropriate and unwanted sexual advances would increase.

18.     Plaintiff was not moved to any of the positions in the ID office, rather, at least one of those positons went to an employee who was open to Mr. Strambler's sexual advances.

19.     In or about May or June, 2011, Plaintiff cooperated in an investigation by Defendant DOE regarding Mr. Strambler's sexual harassment of Plaintiff and others.

20.     Defendant DOE knew that Plaintiff had cooperated in the investigation and thus, had participated in protected activity on behalf of herself and others.

21.     On August 5, 2011, Plaintiff was discharged for complaining about being sexually harassed, seeking to be moved to a different supervisor and for participating in protected activity by cooperating with the DOE investigation.

22.     Defendants had an obligation to provide a workplace free of harassment and both Defendants, despite clear and specific knowledge that Mr. Strambler consistently sexually harassed the women who worked for him and created a hostile work environment for them.

23.     Plaintiff made contact with her EEO Counselor within 45 days of her discharge and filed her formal charge of harassment against Defendant DOE on or about September 17, 2012, Agency Charge No. ED-2012-OM-0054.

24.     Upon information and belief, Plaintiff was a joint employee of both Defendants.

25.     While Plaintiff was a direct employee of Defendant Nucore, who paid her salary, Defendant DOE controlled the means and manner of her performance and Plaintiff's work was done under the supervision of an on-site DOE supervisor.

26.     The Equal Opportunity Employment Commission made a determination in Appeal No. 0120130564, that Plaintiff was a joint employee of both Defendants.

27.     More than 180 days has passes since Plaintiff filed her Federal Sector Charged and thus, that case is ripe to be filed in federal court.

28.     On October 19, 2011, Plaintiff filed a formal Charge of Harassment and Discrimination with the DCOHR which was cross filed with the EEOC, Charge No. 10C-2012-00029.

29.     On or about June 4, 2012, DCOHR made a finding in favor of Plaintiff that she had been subjected to a hostile work environment and had been the victim of sexual harassment.

30.     The EEOC issued its right to sue letter on the private sector charge September 18, 2015.

31.     Plaintiff has suffered and continues to suffer harm and damages as a result of the discrimination and retaliation that she has suffered

<u>COUNT I</u>
<u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>
<u>DEFENDANT NUCORE VISION</u>

32.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

33.     Plaintiff was subjected to unwanted sexual advances, inappropriate sexual comments, a hostile work environment and quid pro quo sexual harassment by her supervisor.

34.     Defendant has subjected Plaintiff to sexual harassment, unequal terms and conditions of employment, discipline, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.

35.     Defendant has interfered with Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of employment by failing to provide a work place free of sexual harassment.

36.     Defendant knew that Plaintiff's supervisor, Chris Strambler, had a history of sexually harassing female employees, yet it took no steps to protect Plaintiff, even after she reported the sexual harassment and requested to be assigned to a different supervisor.

37.     Defendant has an obligation to provide a workplace free of sexual harassment and has failed and refused to do so.

38.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DEFENDANT DEPARTMENT OF EDUCATION

39.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

40.     Plaintiff was subjected to unwanted sexual advances, inappropriate sexual comments, a hostile work environment and quid pro quo sexual harassment by her supervisor.

41.     Defendant has subjected Plaintiff to sexual harassment, unequal terms and conditions of employment, discipline, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.

42.     Defendant has interfered with Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of employment by failing to provide a work place free of sexual harassment.

43.     Defendant knew that Plaintiff's supervisor, Chris Strambler, had a history of sexually harassing female employees, yet it took no steps to protect Plaintiff, even after she reported the sexual harassment and requested to be assigned to a different supervisor.

44.     Defendant has an obligation to provide a workplace free of sexual harassment and has failed and refused to do so.

45.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

COUNT III
RETALIATION
ALL DEFENDANTS

46.     Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

47.     Plaintiff engaged in protected activity when she complained to management at Defendant Nucore and cooperated in an investigation with Defendant DOE regarding her supervisor, Chris Strambler's sexual harassment against her and others.

48.     Defendants were aware of Plaintiff's protected activity.

49.     In response to and because of Plaintiff's protected activity, Defendants discharged Plaintiff from employment.

50.     Defendants' actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq.*

51.     Defendants acted willfully and with actual malice in terminating Plaintiff.

52.     As a direct result of Defendants' actions and omissions, Plaintiff suffered monetary and non-monetary damages.

53.     Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

WHEREFRORE, Plaintiff respectfully requests that this Court

A.     On Count I, enter judgment against Defendant, Nucore Vision for compensatory damages in the amount of $300,000.00, punitive damages in the amount of $300,000 plus such other damages that are determined at the trial of this matter;

B.     On Count II, enter judgment against Defendant, Department of Education for compensatory damages in the amount of $300,000.00, punitive damages in the amount of $300,000 plus such other damages that are determined at the trial of this matter;

C.     On Count III, enter judgment against Defendants, Nucore Vision and Department of Education for compensatory damages in the amount of $300,000.00, punitive damages in the amount of $300,000 plus such other damages that are determined at the trial of this matter;

D.     Award Plaintiff's all of her costs and expenses incurred in this matter, including reasonable attorneys' fees; and

E.     Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: October 5, 2015                    Respectfully Submitted,


                                          /s/Neil S. Hyman_____
                                          Neil S. Hyman, Esquire
                                          DC Bar No. 465047
                                          Law Office of Neil S. Hyman, LLC
                                          4416 East West Highway, Suite 400
                                          Bethesda, Maryland 20814
                                          301-841-7105 (p)
                                          301-986-1301 (f)
                                          neil@neilhymanlaw.com

*Counsel for Plaintiff*