UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NICOLE MOSELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1634 (ABJ) |
| | ) | |
| JOHN B. KING, JR.,[1] | ) | |
| *Secretary, U.S. Department of Education, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this action, plaintiff Nicole Moseley alleges that John B. King, Jr., in his official capacity as Secretary of the Department of Education ("DOE"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff claims that she was subjected to sexual harassment and a hostile work environment, and that defendant retaliated against her for participating in an investigation into the alleged harassment. Defendant has moved to dismiss the complaint, or in the alternative, for summary judgment. Def.'s Mot. to Dismiss or in the Alt. Mot. for Summ. J. [Dkt. # 11] ("Def.'s Mot."); Def.'s Mem. in Supp. of Def.'s Mot. [Dkt. # 11] ("Def.'s Mem."). He argues that plaintiff was not a DOE employee and therefore lacks

---

1  The complaint names former Secretary of Education Arne Duncan as the defendant in this case. Pursuant to Federal Rule of Civil Procedure 25(d), his successor, Secretary John B. King, Jr., is automatically substituted as the proper defendant to this action.

standing to bring this suit.[2] Def.'s Mem. at 5. Defendant also contends that even if plaintiff had standing, neither of her claims were administratively exhausted, nor were they timely filed in district court. *Id.* at 11, 13. Assuming without deciding that plaintiff was a joint employee of both DOE and one of its contractors, the Court concludes that neither of the counts in plaintiff's complaint were timely exhausted, and so the complaint will be dismissed.

## BACKGROUND

### I. Facts

The following facts are not in dispute. Nucore Vision, Inc. ("Nucore"), a DOE contractor, hired plaintiff as a Visitors Request Specialist at a DOE location in Washington, D.C. in February 2010. Am. Compl. [Dkt. # 10] ¶ 5. Plaintiff's immediate supervisor was Christopher Strambler, an employee of the DOE. *Id.* ¶ 6. According to plaintiff, Strambler began making sexually suggestive comments and proposing to take her on dates soon after she started working at the DOE location. *Id.* ¶ 9. In March 2010, plaintiff complained to Nucore about the alleged harassment.

---

2      The resolution of this "standing" question has no bearing on the Court's subject matter jurisdiction. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), the Supreme Court explained "the distinction between two sometimes confused or conflated concepts: federal-court 'subject matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief" under Title VII. *Id.* at 503. The Supreme Court explained that when Congress "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," the statutory provision is not jurisdictional. *Id.* at 515, quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). Although the complaint is not particularly clear on this point, the Court presumes that plaintiff brings this action under 42 U.S.C. § 2000e-16, which allows federal employees to sue their federal-government employers for Title VII violations. *See* 42 U.S.C. § 2000e-16(c). Other judges in this district have applied the *Arbaugh* reasoning to section 2000e-16, and have concluded that section 2000e-16 does not divest the Court of subject matter jurisdiction. *See, e.g.*, *Gray v. LaHood*, 917 F. Supp. 2d 120, 125 (D.D.C. 2013), quoting *Arbaugh*, 546 U.S. at 515. The Court agrees that, in light of *Arbaugh*, it may address the merits of plaintiff's complaint under Rules 12(b)(6) and 56. The Court finds that the issue of plaintiff's employment status is a question of fact that the Court need not resolve in light of its finding that plaintiff did not timely exhaust her administrative remedies.

*Id.* ¶ 12. Nucore and plaintiff had a formal meeting in July 2010, during which plaintiff reiterated her complaints about Strambler. *Id.* ¶ 13.

Between May and August 2010, a number of positions in the ID Office at the Department of Education became available. Am. Compl. ¶ 16. These positions were considered to be promotions from plaintiff's position as a Visitors Request Specialist. *Id.* ¶ 17. Plaintiff was ultimately not selected for a promotion. *Id.* ¶ 21.

Beginning in June 2011, the Office of the Inspector General at the DOE investigated Strambler's conduct. It issued a report dated August 9, 2011, which substantiated the allegations made by plaintiff and others concerning Strambler. Ex. N to Def.'s Mot. [Dkt # 11-14] ("OIG Report"). The final incident of harassment described in the report took place on June 2, 2011: on that date, Strambler offered plaintiff money to pay for her son's education, and told her that he wanted to get to know "Nicki" better. *Id.* at 5; *see also* Am. Compl. ¶ 22 (describing plaintiff's involvement in the OIG investigation).

On August 5, 2011, plaintiff was fired. Am. Compl. ¶ 24; Ex. E to Def.'s Mot. [Dkt. # 7-5] (termination letter). She alleges she first contacted an EEO Counselor on August 12, 2011, seven days after her discharge. Am. Compl. ¶ 26. Plaintiff filed a formal charge of harassment with the DOE on September 17, 2012, which was dismissed on the grounds that she was not a federal employee. *Id.* ¶¶ 29, 30. Plaintiff timely appealed the agency's decision, and on June 5, 2015, the EEOC determined that plaintiff was a joint employee of both the DOE and Nucore Vision. *Id.* ¶ 32. The EEOC decision notified plaintiff of her right to file a civil action in federal district court "within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date

you filed your complaint with the Agency, or filed your appeal with the Commission." Ex. 2 to Pl.'s Opp. to Def.'s Mot. [Dkt. # 13–2] ("EEOC Decision") at 7.[3]

## II. Procedural History

Plaintiff filed this lawsuit against DOE and Nucore on October 6, 2015. Compl. [Dkt. # 1]. On November 11, 2015, plaintiff consented to dismiss all claims against Nucore, and the Court granted the consent motion to dismiss with prejudice. Def. Nucore's Mot. to Dismiss [Dkt # 4]; Min. Order (Nov. 17, 2015). Plaintiff filed an amended complaint against DOE on January 20, 2016. Am. Compl. The amended complaint asserts two counts: in Count I, plaintiff alleges that DOE violated Title VII by subjecting her to quid pro quo sexual harassment and a hostile work environment, *id.* ¶¶ 37–43; and in Count II, plaintiff alleges that DOE retaliated against her by terminating her employment after she complained about the harassment. *Id.* ¶¶ 44–51.

Defendant then moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on the ground that plaintiff was not a DOE employee and he also moved to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment. Def.'s Mot. Plaintiff opposed the motion to dismiss and responded to the motion for summary judgment with a request for discovery pursuant to Federal Rule of Civil Procedure 56(d). Pl.'s Opp. to Def.'s Mot. [Dkt. # 13] ("Pl.'s Opp."). Defendant replied in support of its motion on March 28, 2016. Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 15] ("Def.'s Reply").

---

3   The EEOC's notification is not entirely accurate. It correctly stated that plaintiff could file a civil action within 90 days of the EEOC's final decision, but when it added plaintiff could file a civil action "after one hundred and eighty days (180) calendar days of the date you filed your complaint with the Agency, or filed your appeal with the commission," EEOC Decision at 7, it omitted the proviso that a civil action can be filed 180 days after the date of the filing of an appeal only if there is no final decision. 29 C.F.R. § 1614.407.

**STANDARD OF REVIEW**

I. **Failure to State a Claim**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C.

5

Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## II. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

ANALYSIS

Title VII prohibits federal agencies from discriminating against employees and applicants for employment "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). But an individual must timely exhaust his or her administrative remedies before filing a Title VII claim in court. *Hamilton v. Geithner*, 666 F.3d 1344, 1349 (D.C. Cir. 2012); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). To timely exhaust administrative remedies, an employee must consult an agency EEO Counselor within forty-five days of the alleged discriminatory event. 29 C.F.R. § 1614.105.

Because plaintiff failed to establish a genuine issue of material fact as to whether she timely contacted an agency EEO counselor, both counts will be dismissed.[4] The Court cautions that this ruling should not be read as a decision condoning the conduct of plaintiff's supervisor in any way.

I. **Plaintiff failed to timely exhaust her sexual harassment and hostile work environment claims.**

Plaintiff was terminated on August 5, 2011, and she maintains that she consulted a counselor concerning the harassment and the allegedly retaliatory firing a week later, on August 12, 2011. Am. Compl. ¶ 26. The government counters that plaintiff did not contact an EEO counselor until July 2012, well outside the 45-day statutory period. Def.'s Mem. at 11–13; *see* Ex. X to Def.'s Mot. [Dkt. # 7-24] (EEO Intake Form).

---

4   Plaintiff also failed to timely file this action as required by 29 C.F.R. § 1614.407. However, plaintiff requests that the Court toll the statutory period for filing a complaint in federal court, and the Court exercises its discretion to do so. *See, e.g.*, *Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006) ("[L]ike a statute of limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitable tolling."), quoting *Zipes*, 455 U.S. at 393. Equitable relief is extended only sparingly, but "courts may properly allow tolling where 'a claimant has received inadequate notice.'" *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988), quoting *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). Tolling is appropriate in this instance because, as the Court has explained, the incomplete information provided by the EEOC left an inaccurate impression about when plaintiff was bound to bring her civil action.

Federal employees must contact an EEO counselor within 45 days of an alleged discriminatory event before bringing a claim in federal court. 29 C.F.R. § 1614.105(a)(1). However, "the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit." *Bowden*, 106 F.3d at 437. Instead, "those time limits 'function like statutes of limitations,' and thus 'are subject to equitable tolling, estoppel, and waiver.'" *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015), quoting *Bowden*, 106 F.3d at 437.

Plaintiff claims that she contacted an EEO counselor within seven days of August 5, 2011, the day she was discharged. Am. Compl. ¶ 26. But even if the Court were to accept this unsupported allegation, plaintiff's sexual harassment and hostile work environment claims would still be untimely. During the OIG investigation, plaintiff stated that the final incident of sexual harassment took place on June 2, 2011. OIG Report at 5. So at least 64 days elapsed before the date that plaintiff states she first contacted an EEO counselor, taking her beyond the 45-day period allowed by 29 C.F.R. § 1614.105(a)(1).

Defendant made clear in its motion that it was moving to dismiss, or in the alternative, for summary judgment – and yet plaintiff has offered no evidence to rebut defendant's evidence on this issue. A nonmoving party's opposition to a motion for summary judgment must establish a genuine issue of material fact using "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex*, 477 U.S. at 324. But the only "evidence" that plaintiff cites is her complaint, in which she alleges that she contacted the agency EEO office in August 2011. Pl.'s Opp. at 10; *see* Am. Compl. ¶ 26.

Plaintiff does not argue that any factors warrant a tolling of the exhaustion requirement, and she has not alleged – let alone proven – that the OIG Report incorrectly stated the date of the

final incident of alleged harassment. Defendant's motion for summary judgment on Count I will be granted.

## II.     Plaintiff also failed to timely contact an EEO counselor on her retaliation claim.

Defendant has also moved for summary judgment on Count II on the ground that plaintiff failed to timely exhaust her retaliation claim. Def.'s Mem. at 11–13. Defendant submits a report written by the agency EEO counselor, which documents plaintiff's initial contact on July 12, 2012. Ex. Y to Def.'s Mot. [Dkt. # 11-25] ("Counselor's Report"). Defendant also submits a declaration from Michael Chew, the assistant director of the agency EEO office during the relevant time period, which confirms that according to records maintained by the office, plaintiff did not contact the EEO office prior to July 2012. Decl. of Michael A. Chew, Ex. 2 to Def.'s Reply [Dkt. # 15-2]. Plaintiff alleges – without evidentiary support – that she made initial contact with an agency EEO counselor "on or about August 12, 2011," approximately a week after her termination, and she posits that the agency EEO counselor must have simply forgotten to document this contact. Pl.'s Opp. at 10.

As in her response to the motion for summary judgment on Count I, with respect to this issue, plaintiff again simply points to the allegation in her complaint that she contacted an EEO counselor in August 2011. But a mere allegation is not "evidence" that would establish a genuine issue of material fact on the question of timeliness. *See Celotex*, 477 U.S. at 324.

Plaintiff has attempted to salvage her claim by requesting discovery pursuant to Federal Rule of Civil Procedure 56(d). Pl.'s Opp. at 3–4; Pl.'s Aff. Regarding Disc., Ex. 3 to Pl.'s Opp. [Dkt. # 13-3] ("Pl.'s Aff."). Summary judgment may be denied or deferred when the nonmoving party shows, by affidavit or declaration, that she cannot present facts essential to justify her opposition. Fed. R. Civ. P. 56(d); *see also Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99

9

(D.C. Cir. 2012), quoting *Anderson*, 477 U.S. at 257. However, the nonmoving party must present "specified reasons" why she "cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d); *see also Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008), quoting *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (the nonmoving party has "the burden to state with 'sufficient particularity to the district court . . . why discovery was necessary'"). A party seeking relief under Rule 56(d) must also "specify how the requested discovery would alter the court's determination." *Cheyenne Arapaho Tribes of Okla. v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009).

Plaintiff's affidavit – which is unsigned in any event – indicates that she seeks: "Mr. Strambler's employee file;" "a great deal of information" from Nucore Vision, including plaintiff's "employee files and other documents related to certain positions for which Plaintiff was qualified but were given to other people;" and information to corroborate plaintiff's allegation that other employees who were "more welcoming to Mr. Strambler's sexual advances than Plaintiff was" received promotions, while plaintiff was passed over for a promotion and ultimately terminated. Pl.'s Aff. at ¶¶ 1–5. All of this proposed discovery goes to the merits of plaintiff's Title VII allegations, and plaintiff has not proposed to undertake any discovery that would lead to discoverable evidence to support her claim that she contacted an agency EEO counselor in August 2011.

Because plaintiff has offered no *evidence* – other than the mere allegation in her complaint – to refute defendant's claim that she failed to contact the agency's EEO counselor on time, she has not created a genuine issue of material fact for trial. And because none of plaintiff's requested discovery "would alter the court's determination" regarding summary judgment, plaintiff's

discovery request will be denied, and Count II will be dismissed for failure to timely exhaust administrative remedies.

## CONCLUSION

Because plaintiff failed to establish that there is a genuine issue of material fact as to whether she timely contacted an agency EEO counselor, defendant's motion for summary judgment on Counts I and II will be granted.

A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE:  July 14, 2016